## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

Case No. 15-10119-01-EFM

JESUS REYES,

    *Defendant.*

## MEMORANDUM AND ORDER

On November 7, 2016, a jury convicted Defendant Jesus Reyes of one count of possession of methamphetamine with intent to distribute and two counts of being a felon in possession of a firearm. Reyes now moves this Court to enter a judgment of acquittal (Doc. 67). Alternatively, he moves for a new trial (Doc. 69). For the reasons stated below, the Court denies both of Reyes' motions.

### I. Factual and Procedural Background

In May 2015, Jesus Reyes was pulled over in Wichita, Kansas, for failing to activate his turn signal more than 100 feet before turning. Reyes was found to be in possession of methamphetamine and two firearms. He was later indicted on one count of possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and two counts of unlawful possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1) and § 924(a)(2). Reyes moved to suppress the evidence recovered from his vehicle as well as the statements he made during the stop. The Court suppressed certain statements, but not the evidence. The specifics of the traffic stop, as well as the Court's analysis and holding, can be found in Court's order issued on August 15, 2016.[1] The case proceeded to a jury trial, and the jury found Reyes guilty of all three counts.

At the trial, Officer Hornberger of the Wichita Police Department testified that he found methamphetamine, guns, and a glass pipe in Reyes' possession. Officer Hornberger testified that Reyes admitted that he had shared methamphetamine with his friends in the past, and that he shares methamphetamine with his friends "frequently," "often," and "on a regular basis." On cross examination, Officer Hornberger testified that he found Reyes to be in possession of 7 grams of methamphetamine.

Later, Phillip Smith, a chemist from the Forensic Crime Center, testified that he tested the methamphetamine in question. Smith stated that in total, Reyes had possessed 11.67 grams of methamphetamine. One bag contained 6.98 grams and the other contained 4.69 grams. It was revealed on cross examination that when Smith received the evidence, it was stored in two bags, and at the time of trial, there were three bags associated with the case. Smith testified that he did not personally know why there were now three bags, but presumed it had been done by another scientist. He noted that another scientist had tested the Reyes materials for purity. The Forensic Science Center maintained a chain of custody document for every case. The document supported Smith's assertion that the drugs had been tested for purity by another scientist. Smith

---

[1] *United States v. Reyes*, --- F. Supp. 3d ---, 2016 WL 4273417 (D. Kan. Aug. 15, 2016).

also testified that he tested the glass pipe that was found in Reyes' vehicle, and it tested positive for marijuana residue. Smith did not find any evidence of methamphetamine on the pipe.

Special Agent Neil Tierney of the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified next. He stated that both of the firearms in Reyes' possession were manufactured outside of Kansas. One was manufactured in Wisconsin and the other was manufactured in Florida. Accordingly, he testified that in order for Reyes to possess the firearms in Wichita, they would have crossed state lines at some point.

During his closing argument, Reyes' counsel made the following statement regarding the traffic offense that gave rise to the stop:

> Well where's your proof? We're just supposed to believe you because you're a cop? We're supposed—you know, out on the street, the guy's wearing the black fatigue, military-style vest, pulling people over, minority people at that, searching their vehicles. Does that happen to us?

At the outset of her rebuttal, the prosecutor made the following statement:

> It makes me sad, it makes me sad that any time there's a law enforcement officer involved in a case, then automatically we can just fall back on the fact that that law enforcement officer has to be wrong and that the law enforcement officer had to have been fudging the rules or targeting someone because of their skin color. Are there law enforcement officers who do that throughout the United States? Absolutely. Was there any evidence in this case that that was even remotely possible? No.
>
> You're not confused. You got to see and hear the testimony from Officer Henry and Officer Hornberger. I'm not certain that we're in the same trial when [Reyes' Counsel] comes up and says –

At this point, Reyes' counsel objected and was overruled. After hearing the closing arguments, the jury deliberated and returned a guilty verdict. Reyes now moves the Court to enter a judgment of acquittal, or alternatively, for a new trial.

## II. Analysis

### A. Motion for Judgment of Acquittal

Under Rule 29(c) of the Federal Rules of Criminal Procedure, a defendant may move the Court to set aside a jury verdict and enter an acquittal. Reyes argues that he is entitled to a judgment of acquittal because there was insufficient evidence to sustain a conviction. In considering a challenge to the sufficiency of the evidence, the Court must determine whether "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]

Reyes contends that the Government failed to prove that he possessed methamphetamine with the intent to distribute it. He argues that although he admitted that he shared methamphetamine with his friends, there was no evidence of a "present intent" to distribute. Presumably, the argument is that Reyes only admitted that he sometimes shared methamphetamine, but not that he specifically intended to share the actual methamphetamine he was possessing. Reyes cites no authority in support of his proposition that the government was required to show a "present intent." But in any event, the jury heard testimony that Reyes possessed a sizeable amount of methamphetamine, Reyes admitted that he regularly shares it with friends, and the pipe that Reyes possessed contained traces of marijuana and not methamphetamine. All of this evidence supports the conclusion that Reyes did not possess the methamphetamine for personal use. There was sufficient evidence to support the jury's finding that Reyes possessed methamphetamine with the intent to distribute it.

---

[2] *United States v. McPhilomy*, 270 F.3d 1302, 1307 (10th Cir. 2001) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Reyes also argues that there was insufficient evidence to support Reyes' conviction for being a felon in possession of a firearm. Specifically, he claims that there was insufficient evidence that the guns in question affected interstate commerce. But the law is clear: proof that a firearm is manufactured outside of Kansas and was later possessed in Kansas is sufficient to establish the nexus with interstate commerce.[3] Special Agent Tierney, a firearms expert, testified that both of the guns that Reyes possessed were manufactured outside of Kansas. And Reyes was found in possession of those firearms in Wichita, Kansas. Thus, there was sufficient evidence to support the jury's finding that the firearms affected interstate commerce.

## B. Motion for a New Trial

Under Rule 33(a) of the Federal Rules of Criminal Procedure, the Court may grant a defendant a new trial "if the interest of justice so requires." Reyes has the burden of proving the necessity of a new trial, and the Court will only grant his request upon an error of such magnitude to require reversal on appeal.[4] Reyes argues that he is entitled to a new trial because (1) the Court erred in denying his motion to suppress, (2) the methamphetamine was improperly admitted at trial, and (3) the prosecutor's closing argument denied him a fair trial.

Regarding the motion to suppress, Reyes states that he does not have any additional evidence or case law to submit to the Court in support of his motion. Therefore, the Court has no reason to reconsider its August 16, 2016 Order denying the motion to suppress.

As to the issue of the admissibility of the drugs, Reyes argues that the Government failed to establish a sufficient chain of custody and he also argues that there was clear evidence of

---

[3] *United States v. Williams*, 403 F.3d 1188, 1195 (10th Cir. 2005) ("Proof that the gun was manufactured in California and possessed by [the Defendant] in Kansas is sufficient to establish the nexus with interstate commerce.").

[4] *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000).

tampering. Thus, he argues the drugs should not have been admitted. The alleged tampering comes from the fact that Officer Hornberger testified that he recovered 7 grams of methamphetamine, but later the chemist testified that he tested 11.69 grams of methamphetamine, with one bag containing 6.98 grams and another containing 4.69 grams. Neither Reyes' counsel nor the prosecutor followed up with Officer Hornberger regarding his answer about the 7 grams of methamphetamine. But although the answer went unexplained, it is plausible that the jury understood Officer Hornberger to be referring to the one bag that contained 6.98 grams of methamphetamine. In any event, there may have been some inconsistent testimony as to how many grams of methamphetamine Reyes possessed, but it hardly constitutes "ample indication of evidence tampering" as Reyes argues.

Reyes also points to problems with the chain of custody—namely, the fact that only one of the two scientists that worked on the drugs testified at his trial. But admissibility does not required a perfect chain of custody; rather, "[w]hen the chain is imperfect, deficiencies bear on the weight of the evidence rather than its admissibility."[5] Smith gave a reasonable explanation as to why the drugs were now in three bags instead of two, and the center's chain of custody document supported his testimony. The jury apparently did not feel that any deficiencies in the chain of custody substantially affected the weight of the evidence. Because there was no evidence of tampering, and because chain-of-custody deficiencies are to be weighed by the jury, Reyes is not entitled a new trial on account of the admission of the methamphetamine at trial.

Reyes additionally argues that the prosecutor made statements in her closing argument that denied him a fair trial. It is not entirely clear which statements Reyes is referring to, but he

---

[5] *United States v. Thomas*, 749 F.3d 1302, 1310 (10th Cir. 2014).

argues that "[t]he prosecutor's statements in closing arguments significantly impacted the jury's thought process regarding the Defendant's closing arguments . . . . Instead of arguing facts, she argued personalities, and therefore denied the Defendant a fair trial." Based on that argument, the Court assumes that Reyes is referring to the prosecutor responding with indignation to Reyes' counsel insinuating that Reyes' race played a role in his arrest.

There was nothing improper about the prosecutor's statement on rebuttal. In his closing argument, Reyes' counsel challenged the proposition that the officers should be believed because they were wearing black fatigues and pulled over a minority figure. On rebuttal, the prosecutor was entitled to respond to this argument.[6] She argued that there was no evidence that Reyes was targeted because of his race, and then noted that she was not certain where Reyes' counsel got that idea since no such evidence had come out at trial. Her comments were not improper, and did not deny Reyes a fair trial.

**III. Conclusion**

Reyes' convictions were supported by sufficient evidence. There was evidence that he had the intent to distribute the methamphetamine that he possessed. There was also evidence that the firearms he possessed in Wichita had been manufactured outside of Kansas. Thus, Reyes motion for a judgment of acquittal is denied.

Nor does the interest of justice require that Reyes be granted a new trial. The evidence that was used against him was properly admitted and he was not denied the right to a fair trial by the prosecutor's statements during closing arguments. Therefore, his motion for a new trial is also denied.

---

[6] *United States v. Hernandez-Muniz*, 170 F.3d 1007, 1012 (10th Cir. 1999) ("Prosecutors have considerable latitude to respond to an argument made by opposing counsel.").

**IT IS THEREFORE ORDERED** that Reyes' Motion to Enter a Judgment of Acquittal (Doc. 67) is **DENIED.**

**IT IS FURTHER ORDERED** that Reyes' Motion for a New Trial (Doc. 69) is **DENIED.**

**IT IS SO ORDRED**.

Dated this 6th day of January, 2017.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE