# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 15-CR-10119-EFM

JESUS REYES,

    *Defendant.*

## MEMORANDUM AND ORDER

On November 9, 2016, a jury found Petitioner Jesus Reyes ("Petitioner") guilty on three separate counts. Petitioner brings a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 118). In this motion, Petitioner contends that there were multiple errors during his case that require his conviction to be set aside. As will be explained below, the Court denies Petitioner's § 2255 claims and denies the motion without an evidentiary hearing.

### I.      Factual and Procedural Background

In May 2015, Petitioner was pulled over for failing to activate his turn signal more than 100 feet before turning. Petitioner was found with methamphetamine and two firearms. On August 18, 2015, he was indicted on one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).

Petitioner moved to suppress evidence recovered from his vehicle as well as the statements he made during the stop. The Court held a hearing and ultimately suppressed certain statements, but not the evidence. In sum, the Court found that there was a *Miranda* violation and suppressed Petitioner's non-*Mirandized* statement.[1] The Court determined, however, that the physical evidence was still admissible because suppression of such evidence is not a remedy for a *Miranda* violation and the evidence would have inevitably been discovered.[2]

Petitioner proceeded to jury trial. On November 7, 2016, a jury convicted Petitioner of one count of possession of methamphetamine with intent to distribute and two counts of being a felon in possession of a firearm. Petitioner was sentenced to 210 months imprisonment.

Petitioner appealed his sentence to the Tenth Circuit. In his appeal, Petitioner only raised the issue of whether the Court properly sentenced him. He claimed that his previous Kansas conviction of possession with intent to sell did not qualify as a controlled substance offense and thus he should not have been classified as a career offender. Based on an opinion handed down by the Tenth Circuit subsequent to Petitioner's sentence,[3] the Tenth Circuit remanded the case to this Court for re-sentencing. On April 25, 2018, Petitioner was re-sentenced to 120 months imprisonment.

On August 13, 2018, Petitioner filed this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In his motion, Petitioner argues that his conviction should be set aside.

---

[1] *See United States v. Reyes*, 202 F. Supp. 3d 1209, 1214-15 (D. Kan. 2016).

[2] *Id.* at 1215-16.

[3] In *Unites States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017), the Tenth Circuit determined that a defendant's prior offense under Kansas law for possession with intent to distribute was not a controlled substance offense and thus did not qualify as a predicate offense for purposes of federal career-offender enhancement. *Id.* at 1143-48. In this case, because Petitioner's previous conviction had also qualified as a predicate offense, it was necessary to re-sentence him.

He raises several issues. First, he contends that there was a *Miranda* violation. Second, he contends that an officer falsified evidence under oath. Third, he states that an illegal search and seizure occurred. Fourth, he asserts an ineffective assistance of counsel claim. Finally, he broadly states that there was tampering with the evidence; a violation of the Fourth, Fifth, Fourteenth, and Sixteenth Amendments; and withholding of evidence. As discussed below, based on a review of the record, the Court finds Petitioner's grounds for error to be without merit.

## II. Legal Standard

Under 28 U.S.C. § 2255(a),

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> the judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[4] The petitioner

---

[4] 28 U.S.C. § 2255(b).

must allege facts that, if proven, would warrant relief from his conviction or sentence.[5] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[6]

### III. Analysis

As noted above, Petitioner asserts several grounds as to why his conviction should be vacated. The United States did not file a response to Petitioner's motion. The Court will address each of Petitioner's arguments below.

**A.    Ground One**

Petitioner argues that there was a *Miranda* violation because the officers failed to read him his rights when he was placed under arrest. Petitioner did not raise this issue on direct review. "Section 2255 is not available to test the legality of matters which should have been raised on appeal."[7] Generally, a defendant who does not raise an issue on direct appeal is prohibited from raising it in a § 2255 motion "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."[8] Courts can choose which action to take when a defendant

---

[5] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[6] *See id.* (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[7] *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (alterations, quotation marks, and citations omitted).

[8] *Id.*

fails to raise the issue on appeal but attempts to do so under § 2255.[9] If the government does not raise procedural bar (as in this case because the government did not respond to Petitioner's § 2255 motion), the Court can sua sponte raise it or simply address the merits of the § 2255 motion.[10] In this case, the Court chooses to simply address the merits.

Petitioner, though counsel, previously made this argument in his motion to suppress. As noted above, the Court held a hearing and concluded that there was indeed a *Miranda* violation.[11] Thus, the Court suppressed Petitioner's statements and would not allow the government to introduce those statements at trial.[12] During trial, Petitioner's statements were not introduced. Thus, the *Miranda* violation played no part in Petitioner's conviction. Petitioner has not alleged any additional facts that would change the result on collateral review. Accordingly, Petitioner's first ground under § 2255 is without merit.

**B.**     **Ground Two**

Petitioner next asserts that an officer falsified information of evidence under oath, arguing that there was an inconsistency in testimony between the amount of methamphetamine found in Petitioner's possession. Specifically, he states that the officer testified that he found 14 grams and also testified that he found seven grams. Again, Petitioner did not raise this issue on direct appeal.

---

[9] *Id.*

[10] *Id.* at 378-79.

[11] *Reyes*, 202 F. Supp. 3d at 1214-15.

[12] *Id.*

Petitioner did, however, raise the issue in his Motion for New Trial filed after trial. The Court set forth the facts from trial and Petitioner's argument in its previous Order denying the motion.[13] The Court noted that during trial, neither Petitioner's counsel nor the prosecutor questioned the inconsistent answer. However, the Court found that "although the answer went unexplained, it is plausible that the jury understood Officer Hornberger to be referring to the one bag that contained 6.98 grams of methamphetamine."[14] And regardless, the Court determined that although there may have been some inconsistent testimony regarding the amount of grams Petitioner possessed, it "hardly constitutes 'ample indication of evidence tampering.' "[15] Petitioner does not allege any additional facts on collateral review that would change the previous result. Accordingly, Petitioner's second ground under § 2255 is without merit.

**C.     Ground Three**

Petitioner states that an illegal search and seizure occurred at the time of his arrest because officers pulled him out of the car by calling him a different name and searched the car without his consent. Petitioner did not previously raise the issue of calling him a different name in his direct appeal or in his motion to suppress. He also does not give any reasons as to why he failed to previously raise the issue.

In Petitioner's motion to suppress, however, he did challenge the traffic stop as unreasonable. When ruling on Petitioner's motion, the Court found that the stop and subsequent

---

[13] *United States v. Reyes*, 2017 WL 67879 (D. Kan. 2017).

[14] *Id.* at *3.

[15] *Id.*

detention were reasonable and did not violate his rights.[16] With regard to the evidence seized from the car, the Court determined that even though Petitioner made a non-*Mirandized* statement, the evidence in the car would have inevitably been discovered.[17] Thus, the Court concluded that there was no improper seizure.[18] Petitioner does not allege any additional facts to reconsider this issue on collateral review. Accordingly, Petitioner's third ground under § 2255 is without merit.

**D.     Ground Four**

With regard to Petitioner's fourth ground of error, he states that there was a "violation of Rule number 2255." In his explanation, he states that his attorney failed to object to certain questions, failed to file subpoenas and retrieve evidence, and failed to file motions. Thus, it appears that he is asserting an ineffective assistance of counsel claim.

In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[19] Under *Strickland*, a petitioner must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[20] To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally

---

[16] *Reyes*, 202 F. Supp. 3d at 1213.

[17] *Id.* at 1215-16.

[18] *Id.*

[19] 466 U.S. 668 (1984).

[20] *Id*. at 687-88.

competent assistance."[21] This standard is "highly demanding."[22] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were " 'completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy.' "[23] The reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error.[24] "[E]very effort should be made to 'eliminate the distorting effects of hindsight.' "[25]

With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[26] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[27] This requires the court to focus on "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[28] Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[29] A failure to prove one of the *Strickland* prongs is dispositive to a

---

[21] *Id*. at 690.

[22] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[23] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Hatch*, 58 F.3d at 1459).

[24] *See Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996).

[25] *Id*. at 1114 (quoting *Strickland*, 466 U.S. at 689).

[26] *Strickland*, 466 U.S. at 694.

[27] *Id*.

[28] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[29] *Strickland*, 466 U.S. at 690.

petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[30]

Here, Petitioner simply states that his counsel was ineffective for failing to object to certain questions, for failing to file subpoenas and retrieve evidence, and for failing to file motions that Petitioner requested. Petitioner, however, provides no additional details as to these alleged deficiencies. He does not give facts regarding what questions needed to be objected to, what subpoenas and/or evidence was needed, or what motions were not filed.

To the extent that Petitioner claims that his counsel failed to adequately investigate his case by failing to subpoena and retrieve evidence, "counsel has a duty to make reasonable investigations" and a "decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."[31] As noted above, Petitioner fails to give specifics and there is no information as to what evidence his counsel failed to investigate and obtain. Trial counsel is presumed to be effective. "[W]e give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.' "[32] There also are no allegations as to how this evidence would have changed the outcome of his trial.

To the extent that Petitioner is challenging his counsel's strategy during trial for allegedly failing to object to certain questions and failing to file motions, "[d]isagreement over trial strategy

---

[30] *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (citations omitted).

[31] *Strickland*, 466 U.S. at 691.

[32] *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (citing *Strickland*, 466 U.S. at 690).

is generally not a basis for ineffective assistance of counsel."[33]  Again, trial counsel is presumed to be effective.  Petitioner fails to demonstrate any counsel error or prejudice.

In sum, Petitioner points to no evidence, in the record or otherwise, to support his contention that the outcome of his jury trial would have been different had his counsel done any of these things.

E.   **Miscellaneous Grounds**

With regard to Petitioner's last argument, he simply states that there was tampering with evidence; violation of the 4th, 5th, 14th, and 16th amendments; and withholding of evidence related to dashcam and body cam video, and video of the gas station.  Petitioner fails to support these contentions with any evidence, argument, or legal authority.  He also does not state why he did not previously raise any of these issues.  Thus, the Court finds these contentions meritless.

An evidentiary hearing is not necessary on Petitioner's motion because Petitioner's allegations are not supported by the record.  Accordingly, Petitioner's § 2255 motion is without merit and is denied.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[34]  A petitioner satisfies this burden if " 'reasonable jurists would find the

---

[33] *United States v. Ambort*, 282 F. App'x 714, 717 (10th Cir. 2008) (citing *Strickland*, 466 U.S. at 688-89).

[34] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  *See* 28 U.S.C. § 2253(c)(1).

district court's assessment of the constitutional claims debatable or wrong.' "[35]  For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 118) is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 11th day of February, 2019.

ERIC F. MELGREN
UNITED STATED DISTRICT JUDGE

---

[35] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).