IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

JESUS REYES,

    *Defendant.*

Case No. 15-10119-EFM

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Jesus Reyes's Motion to Reduce Sentence – First Step Act (Doc. 137). He seeks early release from prison because he states that the sentencing scheme has changed. In addition, he requests a one-year reduction under the Second Chance Act. The government opposes Defendant's motion. For the reasons stated below, the Court denies Defendant's motion.

**I.    Factual and Procedural Background**

On November 9, 2016, Defendant was convicted by jury of three counts: possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Defendant was originally sentenced to 210 months' imprisonment. Defendant, however, was resentenced to 120 months' imprisonment following remand. Defendant subsequently filed a

§ 2255 motion which was denied by this Court on February 11, 2019, and affirmed by the Tenth Circuit on September 16, 2019.

Defendant is currently incarcerated at Florence FCI, and his projected release date is April 17, 2024. On June 24, 2021, Defendant filed a motion seeking early release from prison under the First Step Act and the Second Chance Act.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[1] It allows defendants to seek early release from prison provided certain conditions are met. First, a criminal defendant may file a motion for compassionate release only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] The administrative exhaustion requirement is a mandatory claim-processing rule.[3]

---

[1] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] *Avalos,* 2021 WL 1921847, at *2 n.2 (noting that the circuit had not issued a published opinion on whether exhaustion was jurisdictional but that its unpublished decisions had only stated that exhaustion was a mandatory claim-processing rule). The Tenth Circuit continues to note in unpublished opinions that it has not ruled on the issue. *United States v. Watson*, 2021 WL 2587907, at *1 n.1 (10th Cir. 2021). This Court previously indicated that exhaustion was jurisdictional. However, relying on the circuit's recent unpublished opinions, this Court will now treat administrative exhaustion as a claim-processing rule and if the government does not raise the issue, it will be waived. *See Avalos*, 2021 WL 1921847, at *2 n.2.

-3-

If a defendant satisfies the exhaustion requirement, the Tenth Circuit has set forth a three-part test for district courts to use when deciding a defendant's motion.[4] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction; (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[5] The Tenth Circuit also recently clarified that "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[6] If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[7] If, however, the Court grants the motion, the Court must address all three steps.[8]

### III.    Analysis

Defendant does not state whether he sought release from the Warden prior to filing his motion in this Court. The government, however, does not address this factor. Based on recent Tenth Circuit statements in unpublished opinions that the issue is waivable if the government does not address it,[9] the Court will proceed and consider the merits of Defendant's motion.

---

[4] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[5] *McGee*, 992 F.3d at 1042-43.

[6] *Maumau*, 993 F.3d at 837 (citations omitted).

[7] *McGee*, 992 F.3d at 1043 (citation omitted).

[8] *Id*. (citation omitted).

[9] *See Avalos*, 2021 WL 1921847, at *2 n.2 (noting that administrative exhaustion is a claim-processing rule and the government waives the issue if it does not raise it).

"District courts, in carrying out the first step of § 3582(c)(1)(A)'s statutory test, decide for themselves whether 'extraordinary and compelling reasons' exist in a given case."[10] Defendant asserts that due to a change in the sentencing law in 2011, he should have received a reduction of two points when the Court calculated his prison sentence. Defendant was indicted in 2015, found guilty by jury in 2016, and sentenced in 2017. Thus, any changes to the sentencing laws in 2011 were already in effect, and Defendant would not be subject to a different sentencing scheme. Defendant fails to present the Court with an extraordinary and compelling reason warranting a reduction in his prison term under the First Step Act.

In addition, Defendant contends that he should receive a year-long reduction of his prison sentence under the Second Chance Act.[11] This Act does not provide the Court with authority to reduce Defendant's sentence.[12]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence – First Step Act (Doc. 137) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of August, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10] *Maumau*, 993 F.3d at 833.

[11] 18 U.S.C. §§ 3621, 3624.

[12] *See United States v. Calderon*, 801 F. App'x 730, 731 (11th Cir. 2020) (finding that the Second Chance Act did not authorize a district court to order early release from prison and thus the district court lacked jurisdiction to grant the request).